Charles L. Coleman III (SBN 65496)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, CA 94111-4624
Telephone:    415-743-6900
Facsimile:    415-743-6910
Email: charles.coleman@hklaw.com

Attorneys for Plaintiff
THE SANKO STEAMSHIP COMPANY LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE SANKO STEAMSHIP COMPANY LIMITED, a business entity organized under the laws of Japan,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JIT INTERNATIONAL CORPORATION LIMITED, a business entity organized under the laws of China,<br><br>　　　　　　　Defendant. | Case No. 3:17-CV-2795-EDL<br><br>**PLAINTIFF SANKO'S SEPARATE DECLARATION OF EXIGENT CIRCUMSTANCES**<br>**(Fed.R.Civ.P. Supp. (B)(1)(c))**<br><br>**IN ADMIRALTY** |

　　　Christopher R. Nolan, pursuant to the provisions of 28 U.S.C. § 1746, declares, under penalty of perjury, as follows:

　　　1.　　I am a partner in the law firm of Holland & Knight LLP and am one of the counsel for plaintiff The Sanko Steamship Company Limited ("Sanko") regarding its efforts to collect monies owed to it by defendant JIT International Corporation Limited ("JIT") through anticipated London arbitration as described in the Verified Complaint in this action.

　　　2.　　I am a member of the bar of the State of New York and practice from my firm's office in New York City. Except as otherwise stated below, I have personal knowledge of the

matters set out in this Declaration and could, without waiver of any applicable privilege, competently testify to such matters.

3. I am authorized to make this Declaration on behalf of Sanko and do so for the purpose of confirming that, pursuant to Fed.R.Civ.P. Supp. (B)(1)(c), exigent circumstances exist requiring the immediate issuance of the requested orders and writ of attachment in this proceeding.

4. I have been working closely with my partner, Charles L. Coleman III of our San Francisco office, in coordinating the preparation and filing of Sanko's Rule B attachment papers in this action, and am personally familiar with their contents. I am informed by Mr. Coleman that following an appearance before the Hon. Elizabeth D. Laporte, United States Magistrate Judge, Northern District of California, Judge Laporte required this Declaration be filed to confirm the exigent circumstances.

5. The representations made in the Verified Complaint and other documents are, to the best of my personal knowledge, information, and belief, true and correct.

6. **Exigent Circumstances:** At approximately 12:05 p.m. EDT today, I received a telephone call from Eric Martin, United States Bureau Chief at the internationally-recognized maritime publication known as *TradeWinds* (www.tradewindsnews.com) inquiring about the above-referenced action. *TradeWinds* is subscriber-based publication and online news sources for shipowners, chartereers, legal practitioners, and others within the maritime industry seeking bespoke business, operations, and legal disputes information. Its tagline is "The Global Shipping News Source" because it a leading voice in the shipping industry worldwide.

6. Mr. Martin indicated that the court filing would be of interest to the industry and he wishes to discuss the case further and obtaining comment. He had not determined if he was going to file a story on the website immediately or await the printed publication on Friday. I noted that the case had just been assigned to the Judge and we needed to appear before the Court as soon as possible to avoid further public disclosure which could alert JIT to the Supplemental Rule B application. Once we received relief from the Court, I would call him back with a comment on the matter.

7. Exigent circumstances exist in this matter because, as soon as defendant JIT learns of Sanko's efforts to attach its funds in San Francisco, it can remove monies from its bank account(s) so that they are beyond the Court's reach. Should monies be attached from JIT's bank accounts within the District, JIT will have an ample opportunity to challenge the attachment. However, we note Plaintiff's claim is a quintessential admiralty claim resulting from a maritime incident at sea.

8. I have practiced maritime law in the City of New York and other Honorable Courts within the United States on a pro hac vice basis for fifteen years. It has been my experience that the ability to attach funds (or arrest vessels) on short notice, and before the debtor can remove them from the jurisdiction of the court, is of critical importance. Absent the ability to use Supplemental Rule B, companies such as Sanko can be effectively deprived of any meaningful remedy by which they can collect debts owing to them.

9. For the foregoing reasons, I respectfully submit there are exigent circumstances warranting the immediate issuance of the requested process pursuant to Supplemental Rule (B)(1)(c).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
May 16, 2017

_____
CHRISTOPHER R. NOLAN